1   Daniel R. Tamez, Esq. State Bar No. 216619
2   GNAU & TAMEZ LAW GROUP
    danieltamcz@sdinjuryattorney.com
3   1010 Second Avenue Suite 1750
    San Diego, California 92101
4   Telephone: (619) 446-6736

5
6   Majed Nachawati, Esq. (not admitted)
    Texas State Bar No. 24038319
7   4925 Greenville Ave, Suite 715
8   Dallas, Texas 75206

9   Jeremy R. Wilson, Esq. (not admitted)
10  Texas State Bar No. 24037722
    302 N. Market St. Suite 510
11  Dallas, Texas 75202

12

13            **IN THE UNITED STATES DISTRICT COURT**
14       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15                   CV11-05321 CAS (JEMx)

16       CASE NO. _____

17
                              **CLASS ACTION COMPLAINT**
18  GINA CHENIER and GAYA YOSRI    **FOR:**
    on Behalf of Themselves and All
19  Others Similarly Situated,
                              **(1) Violation of Uniform**
20           Plaintiffs,            **Commercial Code § 2-314;**
                              **(2) Violation of Uniform**
21       v.                         **Commercial Code § 2-315;**
                              **(3) Violation of CLRA § 1750, *et***
22  ORECK CORPORATION, a            ***seq.*;**
    Delaware Corporation,     **(4) Violation of Bus. & Prof. Code**
23                                  **§ 17200, *et seq.*;**
             Defendant.       **(5) Violation of Song-Beverly**
24                                  **Consumer Warranty Act;**
25                            **(6) Violation of California Civil**
                                    **Code § 17500.**
26

27                            **DEMAND FOR JURY TRIAL**

28

Further, consumers whose data was compromised were not informed of their vulnerabilities and exposure to credit card (or other) fraud allowing consumers to make an informed decision as to whether to change credit cards numbers, close the exposed accounts, check their credit reports, or take other preventive actions. Defendant failed to provide regular credit reports and credit monitoring at their own expense to those whose private data was exposed and left vulnerable. This caused, and continues to cause, millions of consumers fear, apprehension, and damages including extra time, effort, and costs for credit monitoring, and extra time, effort, and costs associated with replacing cards and account numbers, and burden, and is harming both consumers' and merchants' ability to protect themselves from such fraud. This lawsuit seeks to remedy the injury incurred by Plaintiff and the class as a result of Defendants' actions..

5.      Plaintiff and all other users of PlayStation consoles and PlayStation Network ("PSN") service nationwide, were further damaged as a result of the disruption of service and loss of data security. This suit also seeks to redress SONY's failure to adequately provide service to PlayStation consoles and PlayStation Network ("PSN").

6.      As reported in numerous published sources, as a result of the breach of security and loss of personal data belonging to Plaintiff and Class members, users experienced an inability to access PSN services, including inability to use the online gaming network.

7.      Defendant did not inform Plaintiff or all other users of PlayStation consoles and PlayStation Network ("PSN") service nationwide regarding the reason for suspension of service or the fact of the security breach for a week after the security breach.

8.      As a result of the combination of wrongful acts and omissions of the Defendant in this case, consumers and merchants have been harmed and are in significant danger of further harm.

9.      Plaintiff seeks damages to compensate him and the Class for their loss (both temporary and permanent) of use of their PlayStation consoles and the PlayStation Network and

Qriocity services (collectively referred to herein as "PSN" service), and their time and effort spent attempting to protect their privacy, identities and financial information.

10.     Furthermore, Plaintiff is informed and believes that Defendant has been aware for a substantial period of time that PSN was prone to catastrophic loss of data from security breach. However, Defendant failed to warn its customers of the problem or tried to prevent them from suffering system suspension because of security breaches and data losses. Defendant failed to effectively remedy the problems and defects inherent in the PSN.

11.     SONY failed to inform consumers who purchased defective PlayStation consoles and PSN service.  Specifically, SONY did not warn customers about the risks inherent in purchasing those consoles and relying upon SONY's data security.

12.     Plaintiff asserts claims for breach of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), for breach of express warranty pursuant to Commercial Code § 2313 and pursuant to the Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750, for Negligence, claims under Business and Professions Code §§ 17200 and 17500, *et seq.*

13.     Plaintiff seeks actual and/or compensatory damages; restitution; equitable relief, costs and expenses of litigation, including attorneys' fees; and all additional and further relief that may be available.

## II.

## PARTIES

14. Plaintiff, TONY ROLAND MARTINEZ, is a citizen of the State of Texas and the United States of America, who maintains a residence in San Antonio, Texas, first purchased a SONY PlayStation3 console, the PSN service and multiplayer games for use on the PSN service in or around November of 2010. On or about April 17-18, 2011, Plaintiff noticed he had lost access to PSN.  Plaintiff did not know of the security breach and loss of his personal and credit card data

stored on SONY's servers.

15.     Defendant, SONY COMPUTER ENTERTAINMENT AMERICA LLC (formerly SONY COMPUTER ENTERTAINMENT AMERICA INC.) ("SCEA) is a Delaware limited liability company with its executive offices and principal place of business and corporate headquarters in Foster City, California.

16.     Defendant, SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC ("SNEI") is a Delaware limited company with its executive office and principal place of business and corporate headquarters in Los Angeles, California.

### III.

### JURISDICTION AND VENUE

17.     This case is subject to original jurisdiction in this court pursuant to the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered section of 28 U.S.C.)("CAFA") because at least one member of the proposed class has a different citizenship from a defendant and the total matter in controversy exceeds $5,000,000. Thus, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which defendant SCEA is located and a District in which a substantial part of the events or omissions giving rise to the claim occurred.

18.     **INTRADISTRICT ASSIGNMENT** – Pursuant to Civil Local Rule 3-2(e), this case shall be assigned to the San Francisco Division as it arises from San Mateo County.

### IV. CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23 (b)(3) on behalf of himself and the following Nationwide Class:

> All persons or entities that purchased a Sony PlayStation console and subscribed to the PlayStation Network or Qriocity service and suffered loss of service and breach of security on or about April 17-19, 2011.

Excluded from this Class are SONY COMPUTER ENTERTAINMENT AMERICA LLC and SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC, and their affiliates, employees or agents, or persons or entities that distributes or sell the Sony PlayStation and the PlayStation Network service.

20.     The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that there are approximately seventy-seven (77) million purchasers of the Sony PlayStation and the PSN service who have suffered loss of service who have suffered loss of service and breach of security.

21.     There are questions of law and fact to be members of the Class that predominate over any questions affecting only individual members, including:

- whether Defendant's conduct constitutes negligence;

- whether Defendant's conduct violates California's Consumer Legal Remedies Act;

- whether Defendant's conduct violates Cal. Bus. & Prof. Code § 17200;

- whether Defendant's conduct violates Cal. Bus. & Prof. Code § 17500;

- whether Defendants breached the warranties alleged;

- whether Defendant misrepresented the PSN service capabilities to protect data;

- whether Defendant concealed and did not disclose the defects in the PSN service capabilities to protect data;

- whether Defendant unreasonably delayed in remedying the suspension of service and loss of data.

22.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class and are subject to no unique defenses.

23.     Plaintiff will fairly and adequately protect the interests of the Class and have retained attorneys experienced in class and complex litigation.

24.     A class action is superior to other available methods for the fair and efficient

1   adjudication of this controversy for the following reasons:

2
- It is economically impractical for each member of the Class to prosecute individual
3     actions.

4
- The class is readily definable.

5
- Prosecution as a class action will eliminate the possibility of repetitious litigation.

6
- A class action will enable claims to be handled in an orderly and expeditious manner.
7
- A class action will save time and expense and will ensure uniformity of decisions.
8
- Plaintiffs do not anticipate any difficulty in the management of this litigation as a
9     class action.

10      23.      San Mateo county, California, as the site of SCEA's headquarters and the place where

11  all significant decision-making occurred with respect of the PSN service, is the center or gravity for

12  this action such that it is appropriate and consistent with existing law to certify the class of
13
    consumers proposed in the Complaint to be litigated to this District.
14

15      24.      Certification of such a class under the laws of California is appropriate because:

16
- SCEA is a limited liability company conducting substantial business in and from
17     California.
    - SNEI is a limited liability company conducting substantial business in and from
18     California.

19
- SCEA's and SNEI's principal and executive offices, as well as its corporate
20     headquarters, are located in California.

21
- SCEA's and SNEI's marketing, promotional activities and literature are coordinated
       at, emanate from and/or are developed at their California headquarters.
22
- The UCL and § 17500 expressly apply to claims asserted by out-of-state Class
23     members regarding false representation emanating from the State of California.

24
- A significant number of Class members reside in the State of California.
25
- SONY expressly attempts to impose California law upon purchasers of the
26     PlayStation and PSN service.

                                        VI.
27

28                         **SUBSTANTIVE ALLEGATIONS**

26.     Defendant represents and advertises the PlayStation consoles and PSN and Qriocity services as being an exceptionally powerful and secure gaming system and online gaming network, offering gaming, music and movies to people with PlayStation consoles.

27.     The PlayStation consoles and PSN service not only allows users to play games online but also allows users to buy content and services.  Such services include new or required levels for games, movies, television shows and/or original programs.  Users are also allowed to trade points earned on games for products and services related to online gaming

28.     On information and belief, PSN's security was breached between April 17-19, 2011, exposing names, addresses, email addresses, birthdates, usernames, passwords, logins, security questions and possibly credit card data belongings to approximately seventy-seven (77) million user accounts.

29.     On information and belief, Defendant reacted to the security breach by shutting down the PSN.  However, Defendant failed to advise Plaintiff or members of the Class why the PSN was shut down until Tuesday, April 26, 2011.

30.     Defendant's shutdown of PSN prevented Plaintiff and the Class from buying and downloading games or making use of their PlayStation consoles for multiplayer gaming over the Internet.  Defendant promised customers the PSN would be available and running again a week from May 1st but the PSN was not back until thirteen (13) days later on May 14th, 2011.

31.     On information and belief, children with accounts established buy their parents also may have had their data exposed.

32.     As well as apologizing publicly for the lapse of care SONY also admitted the gravity of the situation and warned its customers that their personal data had been stolen, urging users to change passwords and check their credit card accounts for fraudulent behavior. SONY also claimed it would offer its US customers free time on the system and identity theft monitoring services as

compensation.

33.     SONY misrepresented the quality and reliability of the PSN service and its ability to keep data secure, including, but not limited to its representation in its Privacy Policy, which states in pertinent part:

> **Accuracy & Security** We take reasonable measures to protect the confidentiality, security, and integrity of the personal information collected from our website visitors. Personal information is stored in secure operating environments that are not available to the public and that are only accessible to authorized employees. We also have security measures in place to protect the loss, misuse, and alteration of the information under our control…

35.     On information and belief, SONY failed to maintain proper and adequate backups and/or redundant systems, failed to encrypt data and establish adequate firewalls to handle a server intrusion contingency, failed to provide prompt and adequate warnings of security breaches, and unreasonably delayed in bringing the PSN service back on line.

36.     The harm caused by Defendant's false and misleading statements and omissions grossly outweigh any benefit that could be attributed to them.

37.     On information and belief, Defendant is and has been aware of the scope of the problems with the PSN service but failed to take substantial corrective action. On information and belief, Defendant has taken only minimal action in response to consumer complaints.

38.     Under a number of California consumer statues and equitable provisions the consumer product protections of California law are unwaivable by the use of any shrink-wrap warranty limitations. For example, the Song-Beverly Acts states expressly:

> Any waiver by the buyer of consumer goods of the provisions of this chapter, except as expressly provided in this chapter, shall be deemed contrary to public policy and shall be unenforceable and void

39.     On information and belief SONY was, at all times relevant herein, in violation of the Payment Card Industry Data Security Standard by, including (without limitation), the following

conduct: improperly storing and retaining credit card transaction and consumer data in an unencrypted, unsecured, and unauthorized manner, failing to all reasonable steps to destroy, or arrange for the destruction of a customer's records within its custody or control containing personal information which is no longer authorized to be retained by the business by failing to shred, erase, or otherwise modify the personal in those records to make it unreadable or undecipherable through any means; failing to properly install, implement, and maintain a firewall to protect consumer data; failing to properly analyze and restrict IP addresses to and from its computer systems; or properly perform dynamic packet filtering; failing to properly restrict access to its computers; failing to properly protect stored data; failing to encrypt cardholder data and other sensitive information; failing to properly implement and update adequate anti-virus and anti-spyware software that would properly prevent unauthorized data transmissions caused by viruses, executable or scripts, from its servers or computer systems; failing to track and monitor all access to network resources and cardholder data; failing to regularly test security systems and processes or maintains an adequate policy that addresses information security, or to run vulnerability scans.

40.     On information and belief, due to security vulnerabilities at SONY, computer "hackers" (authorized third parties) gained access to SONY's computer data and compromised the security of approximately seventy-seven (77) Million credit card accounts and related security, identity and transaction data, including (without limitation) such data of California residents.

41.     On information and belief, one or more unauthorized persons who accessed SONY's computer data gained unauthorized access to the personal financial, credit and debit account, identifying, and other nonpublic information of plaintiffs herein.

42.     The compromised and stolen data was private and sensitive in nature and, on information and belief, was left unencrypted by SONY on its servers and included (without limitation), on information and belief, consumers' names, credit card account numbers, access codes

and other personal identifying information, including, but not limited to addresses, birthdates, usernames, passwords, logins and security questions.

## VII.

## CAUSES OF ACTION

A.     **Count I -- Violation of Bus. & Prof. Code §17200**

43.     Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

44.     Plaintiff and the class have suffered injury in fact and lost money or property as a result of such unfair competition.

45.     SONY has engaged in unfair, unlawful and fraudulent business practices as set forth above.

46.     By engaging in the above-described acts and practices, SONY has committed one or more acts of unfair competition within the meaning of Bus. & Prof. Code §17200, *et seq.*

48.     Defendant's acts and practices have and/or are likely to deceive members of the consuming public.

49.     Defendant's acts and practices are unlawful because they violate Civ. Code §§1572, 1709, 1710, 1770(a)(5), 1770(a)(7), 1770(a)(9). Defendant's acts and practices are also unlawful because they violate Bus. & Prof. Code §17500, *et seq.* Defendants unlawful and unfair practices include, without limitation, defendants', and each of their, unlawful negligence and violations of California Const. Art. I; Civil Code §§ 1798.81, 1798.81.5 prohibition against unreasonable penalties contained in Civil Code § 1671, and other laws of the State of California.

50.     The breach of SONY's security was the direct and proximate result, on information and belief, of SONY's failure to implement and maintain security procedures and practices reasonably designed to protect the credit card account and other nonpublic information of

consumers, including, without limitation, Plaintiff and the Class herein. As stated above, said breach of security and unauthorized access to the private nonpublic information of Plaintiff and the Class herein was reasonably foreseeable.

51.     Defendant, through its business relationship with Plaintiff and the Class herein, and with each other, assumed the duty to keep the credit card account and other nonpublic information of Plaintiff and the Class that is in their possession private and secure. By their acts and omissions described herein, defendants, and each of them, unlawfully breached this duty.

52.     Defendant was in a special and a fiduciary relationship with the Plaintiff and the Class by reason of their entrustment with credit card account and other nonpublic information. By reason said of special and fiduciary relationship, defendant had duty of care to use reasonable means to keep the credit card account and other nonpublic information of the Plaintiff and the Class that is on their possession private and secure, and inform Plaintiff and the Class members forthwith when any compromise of the security of such information occurred. Defendant has unlawfully breached these duties.

53.     Pursuant to the right to privacy insured by California Const., Art. I, Section 1, Defendants had duty to use reasonable care to prevent the unauthorized access, use or dissemination of the credit card account and other nonpublic information of the Plaintiff and the Class herein. On information and belief, Defendants unlawfully breached said duty.

54.     Pursuant to California Civil Code § 1798.81.5, defendant had duty to implement and maintain reasonable security procedures and practices to with respect to the credit card account and other nonpublic information of consumers, including, without limitation, the Plaintiff and the Class herein, in order to protect such information from unauthorized access, use or disclosure. On information and belief, defendants unlawfully breached said duty.

55.     On information and belief, the Plaintiff's and the Class's information that was

disclosed to unauthorized third parties, due to the breach of SONY's security was not encrypted. Pursuant to California Civil Code § 1798.82, defendant had, and continues to have, a duty to timely disclose the breach of security to Plaintiff and the Class whose personal information was, or is reasonably believed to have been, acquired by unauthorized persons. Defendant unlawfully breached this duty by, amongst other ways, delays and failure to properly disclose.

56.     Pursuant to the California Financial information Privacy Act, California Finance Code §§ 4050 *et seq.*, defendant breached unlawfully the requirements to prevent the unauthorized disclosures of nonpublic personal information of the Plaintiff and the Class to unaffiliated third parties. Fin. C. § 4052.5. defendant also unlawfully breached its duty to refrain from negligently disclosing nonpublic information pertaining to the Plaintiff and the Class to the third parties. Fin. C. § 4057.

57.     Pursuant to the California Constitutional Right to Privacy and California law there is an explicit public policy, creating and affirmative and continuing obligation on Defendants herein, to respect consumers' privacy and to provide reasonable consumer computer data security under the circumstances, including, without limitation, the Plaintiff and the Class herein, and to protect the security and confidentiality of their nonpublic personal information. Such duties include, without limitation, the duty to ensure security, protect against anticipated threats, and protect against unauthorized access. Defendants, on information and belief, breached said duties.

58.     Defendant's acts and practices are also unlawful because they violate the Song-Beverly Act, Civ. Code § 1790, *et seq.*

59.     Plaintiff, on behalf of himself, on behalf of the Class and on behalf of the common or general interest, seeks an order of this Court awarding restitution, disgorgement, injunctive relief and all other relief allowed under §17200,*et seq.*, plus interest, attorneys' fees and costs pursuant to, *inter alia*, C.C.P. §1021.5.

60.    Plaintiff and the Class have been harmed by these actions and bring this suit to remedy these violations..

**B.      Count II -- Violation of Bus. & Prof. Code § 17500**

61.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

62.    Plaintiff brings this cause of action on behalf of himself, on behalf of the Class and on behalf of the common or general interest. Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants violation of Bus. & Prof. Code § 17500, *et seq*.

63.    Beginning in or before 2006, Defendant engaged in advertising and marketing to the public and offered the PlayStation consoles and PSN service for sale throughout the United States, including California, and the world.

64.    Defendant has engaged in the advertising and marketing alleged herein with intent to directly or indirectly induce the purchase of the PlayStation consoles and PSN service.

65.    Defendant's advertisements and marketing representations regarding the technical and other characteristics of the PlayStation consoles and PSN service are false, misleading and deceptive as set forth more fully above.

66.    At the time Defendant made and disseminated the statements alleged herein, it knew or should have known that the statements were untrue or misleading, and acted in violations of Bus. & Prof. Code §17500, *et seq*.

67.    Defendant actively concealed its knowledge that the PlayStation consoles and PSN service contained inherent defects.

68.    Plaintiff has been harmed. Plaintiff, on behalf of himself, on behalf of the Class and on behalf of the common or general interest, seeks restitution, disgorgement, injunctive relief and all other relief allowable under §17500, *et seq*.

---

COMPLAINT

69.     Plaintiff meets the standing requirements of C.C.P. 382 to bring this cause of action because, among other reasons, the question is one of a common or general interest, is a question of many persons and/or the parties are numerous and it is impracticable to bring them all before the Court.

**C.     Count III -- Breach of the Song-Beverly**

70.     Plaintiff realleges and incorporate the above allegations by reference as if set forth fully herein.

71.     Plaintiff on behalf of himself and the Class for breach of implied warranty under the Song-Beverly Act, Civ. Code § 1790, *et seq.*

72.     The PlayStation consoles are "consumer goods" within the meaning of Civ. Code §1791(a).

73.     Defendant's implied warranty of merchantability arose out of and/or was related to the sales of the PlayStation consoles and PSN service.

74.     As set forth more fully above, Defendant has failed to comply with its obligations under its implied warranty of merchantability.

75.     Plaintiff and the Class have suffered and will continue to suffer damages as a result of Defendant's failure to comply with its warranty obligations. Accordingly, Plaintiff and the Class are entitled to recover such damages under the Song-Beverly Act, including damages pursuant to Civ. Code §§1791.1(d) and 1974.

76.     Defendant's breaches of warranty, as set forth above, were willful. Accordingly, a civil penalty should be imposed upon Defendant in an amount not to exceed twice the amount of actual damages.

**D.     Count IV -- Violation of Consumer Legal Remedies Act**

77.     Plaintiff realleges and incorporates the above allegations by reference as if set forth

fully herein.

78.     Plaintiff brings this claim individually and on behalf of the Class against Defendant.

79.     Defendant has engaged in deceptive practices, unlawful methods of competition and/or unfair acts as defined by Civ. Code §1750, *et seq.* to the detriment of Plaintiff, members of general public and the Class. Plaintiff, the general public and members of the Class have suffered harm as proximate result of the violation of law and wrongful conduct of Defendant alleged herein.

80.     Defendant intentionally, knowingly and unlawfully perpetrated harm upon Plaintiff by the above described facts. To wit, Defendant's actions in selling defective products and failing to remedy these defects have violated the following provisions of the CLRA:

(a)     Civil Code §1770(a)(5): Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have.

(b)     Civil Code §1770(a)(7): Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another.

(c)     Civil Code §1770(a)(9): Advertising goods or services with intent not to sell them as advertised.

(d)     Civil Code §1770(a)(14): Representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited.

(e)     Civil Code §1770(a)(19): Inserting an unconscionable provision in the contract.

81.     The Defendant's policies and practices are unlawful, unethical, oppressive, fraudulent and malicious. The gravity of the harm to all consumers and to the general public from Defendant's policies and practices far outweighs any purported utility those policies and practices have.

82.     Pursuant to Civ. Code §1780(a), Plaintiff seeks an order enjoining Defendant from

engaging in the methods, acts or practices alleged herein.

83.     Pursuant to Civ. Code §1781, if Defendant do not rectify it illegal acts within 30 days, Plaintiff intend to amend this Complaint to add claims for:

a)      actual damages;

b)      restitution of money to Plaintiff, the general public and Class members;

c)      punitive damages;

d)      attorneys' fees and costs; and

e)      other relief this Court deems proper.

**E.      Count V -- Breach of Express Contract**

84.     Plaintiff realleges and incorporates the above allegations as if set forth fully herein.

85.     Defendant agreed to, among other things, properly maintain Plaintiffs and Class members' data and provide uninterrupted PSN service. In exchange, Class members agreed to purchase PlayStation consoles and PSN service.

86.     Valid consideration existed, as Plaintiff and Class members paid money in exchange for Defendant's agreement to, among other things, maintain Plaintiff's and the Class members' data and provide uninterrupted service.

87.     The parties' agreement is contained in customer contracts and related documents.

88.     Defendant breached its contracts because Defendant did not properly maintain Plaintiff's and Class members' electronic information or provide uninterrupted service.

89.     Class members suffered and will continue to suffer damages including, but not limited to, loss of their electronic information and an interruption in service.

**F.      Count VI - Breach of Implied Contract**

90.     Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

91.     Defendant agreed to, among other things, properly maintain Plaintiffs' and Class members' data and provide uninterrupted PSN service. In exchange, Plaintiff and the Class members' agreed to purchase PlayStation consoles and PSN service.

92.     Defendant entered into implies contracts with Plaintiff and the Class members. Implied contracts arose from the course of conduct between the parties, as well as disclosures on Defendant's websites, in advertising materials, on product packaging, and/or on customer contracts. For example, Defendant disclosed on numerous occasions as alleged herein that users' data would not be disclosed to third parties. The disclosures created a reasonable expectation that users' data would be adequately maintained, and that the PSN functionally would be continuously available.

93.     Valid consideration existed, as Plaintiff and Class members paid money to Defendant in exchange for Defendant's agreement to, among other things, maintain users' data and provide uninterrupted PSN service.

94.     Defendant breached their implied contracts because they did not properly maintain Plaintiff and the Class members' electronic information or provide uninterrupted service.

95.     Plaintiff and Class members suffered and will continue to suffer damages including, but not limited to, loss of their personal, private financial information and an interruption in service.

**G.     Count VII -- Negligence**

96.     Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

97. Plaintiff brings this cause of action on behalf of himself and the Class. Plaintiff have suffered injury in fact and lost money or property as a result of such negligence.

98.     Defendant owed a duty of care to Plaintiff, individually and to the Class he represents.

99.     Defendant owed a duty to Plaintiff and the Class to use reasonable care in

maintaining the PlayStation and PSN service in a manner that protected the data Plaintiff and the Class uploaded to the PSN service;

100.   Defendant breached their duty to Plaintiff and the Class by failing to ensure the integrity of their data;

101.   Had the Defendant exercised reasonable care and skill protecting the data of Plaintiff and class members, data would not have been lost.

102.   Plaintiff and the Class have suffered damages, including, but not limited to, economic damages, according to proof at trial.

### VIII.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself, all others similarly situated and pray for judgment against Defendant as follows:

1) An order certifying this case as a class action and appointing Plaintiff and his counsel to represent the Class.

2) Restitution and disgorgement of all amounts obtained by Defendant as a result of its misconduct, together with interest thereon from the date of payment, to the victims of such violations.

3) Actual damages for injuries suffered by Plaintiff and the Class.

4) Compensatory money damages according to proof.

5) Statutory damages according to proof.

6) An order requiring Defendant to immediately ceases its wrongful conduct as set forth above; enjoining Defendant from continuing to falsely market and advertise, conceal material information and conduct business via the unlawful and unfair business acts and practices complained of herein; ordering Defendant to engage in corrective notice

1   campaign; and requiring Defendant to refund to Plaintiff and all members of the Class the

2   funds paid to Defendant for the defective PlayStations and PSN services; ordering

3   Defendant to pay for credit card monitoring for Plaintiff and all members of the Class.

4   7)  Attorneys' fees and costs.

5

6   8)  For statutory prejudgment interest.

7   9)   For such other relief as this Court may deem just and proper.

8   ## IX.

9   ## JURY DEMAND

10  Plaintiff demands a trial by jury.

11

12  Respectfully submitted,

13

14  **GNAU & TAMEZ LAW GROUP,LLP**

15  /s/ Daniel R. Tamez

16  Daniel R. Tamez, Esq. State Bar No. 216619
    danieJtamcz@sdinjuryaltorney.com

17  1010 SECOND A VENUE. SUITE 1750
    SAN DIEGO. CALIFORNIA 92101

18  Telephone: (619) 446·6736

19  **FEARS | NACHAWATI LAW FIRM, P.L.L.C.**
    Majed Nachawati

20  SBN 24038319
    mn@fnlawfirm.com

21  Bryan Fears
    SBN 24040886

22  fears@fnlawfirm.com
    Fears I Nachawati Law Finn

23  4925 Greenville Ave, Suite 715
    Dalias. Texas 75206

24  Telephone: (214) 890-0711
    Facsimile: (214) 890-0712

25
    (*pro hac vice* application to be filed)

26

27  **WILSON TROSCLAIR & LOVINS, P.L.L.C.**
    Jeremy R. Wilson

28  State Bar No. 24037722

1

2

Kenneth P. Trosclair
State Bar No. 24033548
302 N. Market SI.
Suite 510
Dallas, Texas 75202
Telephone: (214) 484-1930
Facsimile: (214) 276-1475

3

4

5

(*pro hac vice* application to be filed)

6

**ATTORNEYS FOR PLAINTIFFS**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1 1891747v 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that on July 1, 2011, I electronically filed the above Complaint with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U. S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


_/s/ Daniel R. Tamez____

Daniel R. Tamez

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV11- 5321 CAS (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address: Daniel R. Tamez, Esq. Gnau &
Tamez Law Group, LLP; 1010 2nd Ave. Ste 1750,
San Diego, CA 92101; 619-446-6736; Majed
Nachawati, Esq. 4925 Greenville Ave Ste 715, Dallas
Tx 75206; 866-705-7584

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Gina Chenier and Gaya Yosri on behalf of Themselves and All Others Similarly Situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV11-05321** (CAS (JEM)) |
| v. | |
| Oreck Corporation, a Delaware Corporation | **SUMMONS** |
| DEFENDANT(S). | |

TO: **DEFENDANT(S):** Oreck Corporation, a Delaware Corporation

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Daniel R. Tamez, Esq. _____, whose address is 1010 2nd Avenue Suite 1750, San Diego, California 92101 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUN 2 4 2011

Dated: _____

Clerk, U.S. District Court

**JULIE PRADO**

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)      **SUMMONS**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA** TO CONFORM

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| Gina Chenier and Gaya Yosri on Behalf of Themselves and All Others Similarly Situated, Plaintiffs | Oreck Corporation, a Delaware Corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Daniel Tamez, Esq. 1010 2nd Ave 1750, San Diego CA 92101; 619-446-6736; Majed Nachawati, Esq. 4925 Greenville Ave Ste 715, Dallas TX 75206; 866-705-7584; Jeremy Wilson, Esq. 302 N. Market St Ste510, Dallas, TX 75202 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff   □ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | ☒ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   □ No          □ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Uniform Commercial Code 2-314 & 2-315; CLRA 1750, et seq.; Bus. & Prof Code 17200, et seq; Song-Beverly Consumer Warranty Act; CA Civil Code 17500

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture □ 620 Other Food & Drug | □ 820 Copyrights □ 830 Patent |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | | □ 840 Trademark |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 362 Personal Injury- Med Malpractice | □ 443 Housing/Acco- mmodations | | □ 861 HIA (1395ff) □ 862 Black Lung (923) |
| ☒ 890 Other Statutory Actions | □ 190 Other Contract | □ 365 Personal Injury- Product Liability | □ 444 Welfare | □ 630 Liquor Laws □ 640 R.R. & Truck | □ 863 DIWC/DIWW (405(g)) |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 445 American with Disabilities - Employment | □ 650 Airline Regs □ 660 Occupational Safety /Health | □ 864 SSID Title XVI □ 865 RSI (405(g)) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | | □ 446 American with Disabilities - Other | □ 690 Other | FEDERAL TAX SUITS |
| □ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 462 Naturalization Application | □ 440 Other Civil Rights | | □ 871 IRS-Third Party 26 USC 7609 |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 463 Habeas Corpus- Alien Detainee | | | |
| □ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment □ 240 Torts to Land | □ 465 Other Immigration Actions | | | |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability □ 290 All Other Real Property | | | | |

CV11-05321

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED S...TES DISTRICT COURT, CENTRAL DISTR...T OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Salt Lake City, Utah |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Delaware | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date  06-23-11

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |