David L. Aronoff (SBN: 152606)
daronoff@winston.com
Gayle I. Jenkins (SBN: 168962)
gjenkins@winston.com
Saul S. Rostamian (SBN: 235292)
srostamian@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant
ORECK CORPORATION

NOTE CHANGES MADE
BY COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CHENIER and GAYA YOSRI on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ORECK CORPORATION, a Delaware Corporation,<br><br>    Defendant. | Case No. CV 11-05321 CAS (JEMx)<br><br>**PROTECTIVE ORDER FOR DISCLOSURE OF CONFIDENTIAL MATERIALS**<br><br><br>Hon. Christina A. Snyder, Judge<br>Hon. John E. McDermott, Magistrate Judge |

Whereas Gina Chenier and Gaya Yosri ("Plaintiffs") filed claims against Oreck Corporation ("Defendant") on their own behalf and that of a putative class;

Whereas, Defendant denies the claims brought by Plaintiffs;

Whereas the Parties hereto are engaged in discovery, which may involve the disclosure of confidential, proprietary, technical, business and financial information;

Whereas, the Parties hereto seek to preserve their privacy and property interests in such information, without unduly encroaching on the public's right to be informed of judicial proceedings, and recognizing that the party seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record and that either party and any interested member of the public can challenge any designation of confidentiality pursuant to this protective order; and

Whereas, the Parties and counsel will act in good faith in designating records pursuant to the protections provided by this Protective Order;

1  Accordingly, the Parties, by their respective counsel, hereby stipulate
2  to the entry of the following Protective Order pursuant to Fed. R. Civ. P. 26(c).
3  The Parties agree that the exchange of confidential, proprietary, trade secret and
4
5  sensitive information between the Parties and/or third parties other than in
6  accordance with this Protective Order may cause unnecessary damage and injury to
7  the Parties and to others, and therefore good cause exists to limit public disclosure
8
9  of this information.
10
11  1.  This Stipulation and Protective Order governs the use and handling of
12  documents, testimony, interrogatory responses and other information, including all
13  copies, excerpts and summaries thereof (collectively, the "Material") produced or
14
15  provided by Oreck Corporation ("Defendant") or any other individual or entity,
16  including non-parties in this Litigation (collectively, with the Plaintiffs and the
17  Defendant, the "Producing Party") in pre-trial proceedings in this Litigation.
18
19  2.  As used herein:
20      a.  "Document" means any written, printed, typed, graphic,
21          electronic or otherwise recorded matter of any kind, however
22
23          produced or reproduced, including but not limited to:
24      i.  all originals, nonidentical copies, intermediate drafts and
25          revisions of any written matter; and
26
27
28

*Winston & Strawn LLP*
*333 S. Grand Avenue*
*Los Angeles, CA 90071-1543*

    ii.  all deposition transcripts, exhibits, affidavits, interrogatories, answers to interrogatories or other litigation materials.

 b. "Confidential Information" means sensitive or proprietary non-public information, regardless of whether in a Document, electronically stored or orally communicated, and includes all information extracted from Documents containing such sensitive or proprietary non-public information.

 c. "Attorneys' Eyes Only" as used herein means Confidential Information that the Producing Party believes in good faith is so sensitive that it should be disclosed only to those persons listed in paragraph 6 below.

 d. "Person" means an individual, corporation, partnership, association, unincorporated organization, governmental entity, quasi-governmental entity or any other entity, including, without limitation, each party to this action, experts and consultants for any party.

 e. "Party" or "Parties" means the parties to this Action and includes their officers, employees, and attorneys.

  f. "Produce" means to provide documents or information to a Party, whether pursuant to settlement discussions or in response to discovery requests.

  g. "Disclose" means to furnish, divulge, reveal, describe, summarize, paraphrase, quote, transmit or otherwise communicate documents or information received from any other party or third-party witness to any other person or party, whether voluntarily or involuntarily, whether pursuant to request, interrogatory or process, and whether pursuant to the Federal Rules of Civil Procedure or otherwise;

  h. The "Litigation" refers to the above-captioned litigation;

  i. "Expert" refers to a person retained or specially employed by a party to assist in preparation for trial or to testify at trial. The term also includes all employees of such person.

  3. All "Confidential Information" or "Attorneys' Eyes Only" Material (as defined herein) produced in this Litigation shall be used only for the purpose of settlement, prosecution or defense of the claims in this Litigation. "The purpose of this Litigation" does not include use of the Material by Plaintiffs, Plaintiffs' counsel or other parties provided access pursuant to this Protective Order to solicit, contact, communicate or otherwise interact with Oreck customers who are not

clients of plaintiff's counsel with respect to Oreck without leave of Court.  Nothing in this order will prohibit Plaintiffs, Plaintiffs' counsel or other parties to use other means to solicit, contact, communicate or otherwise interact with Oreck customers Persons to whom any Confidential Information or Attorneys' Eyes Only Material is disclosed under the circumstances set forth above shall not disclose any such material to any other person and shall not use any such material for any purpose other than the settlement, prosecution or defense of the claims in this Litigation.

    4. The Producing Party may designate as "Confidential" any Material which it produces in this Litigation, which contains settlement negotiations, trade secrets or other confidential research, development, or commercial information for which a good faith claim of need of protection from disclosure can be made.  The Producing Party may designate as "Attorneys' Eyes Only" any Material it produces in this Litigation that contains trade secrets or other highly confidential research, development, or commercial information for which a good faith claim of need of protection from disclosure (including protection from disclosure to persons other than attorneys or as otherwise allowed herein) can be made.  The Parties affirmatively represent that they will use their best efforts to limit designations to those documents and that information which constitute confidential, sensitive commercial and/or proprietary information.

5. Confidential Material may be provided only to counsel of record for the parties and, absent written consent from the Producing Party or unless otherwise directed by the Court, may be disclosed by such counsel only to the following persons:

    (a) attorneys of record appearing this Litigation, including regular and temporary employees, contractors and agents of those attorneys of record;

    (b) outside experts or consultants retained to assist in the preparation of this case by any attorney described in subparagraph (a) above, as well as employees of such experts or consultants, in order to assist in the conduct of this Litigation, but only to the extent that, and for the time during which, such disclosure is necessary for the performance of such assistance;

    (c) outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

    (d) plaintiffs, employees and agents of the Parties for purposes related to this Litigation;

    (e) the Court, witnesses (including deponents), court reporters, stenographers, videographers, court personnel, jurors and alternate jurors, if any; and

    (f) other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Producing Party or Parties.

6. Attorneys' Eyes Only Material may be provided only to counsel of record for the parties and, absent written consent from the Producing Party or

unless otherwise directed by the Court, may be disclosed by such counsel only to the following persons:

(a) attorneys of record appearing this Litigation, including regular and temporary employees, contractors and agents of those attorneys of record;

(b) outside experts or consultants retained to assist in the preparation of this case by any attorney described in subparagraph (a) above, as well as employees of such expert or consultants, in order to assist in the conduct of this Litigation, but only to the extent that, and for the time during which, such disclosure is necessary for the performance of such assistance;

(c) outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(d) the Court, witnesses (including deponents), court reporters, stenographers, videographers, court personnel, jurors and alternate jurors, if any; and

(e) other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Producing Party or Parties.

7.  Each person given access to Confidential or Attorneys' Eyes Only Material, pursuant to the terms hereof, shall be advised that the Confidential or Attorneys' Eyes Only Material is being disclosed pursuant to and subject to the terms of this Stipulation and Protective Order and may not be disclosed or used other than pursuant to the terms hereof.  Before any person described in paragraph 5(b), 5(c), 5(d), witnesses under 5(e) unless they authored the document, 5(f), or

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

6(b), 6(c), witnesses under 6(d) unless they authored the document, or 6(e) above is given access to Confidential or Attorneys' Eyes Only Material, that person must read and agree in writing, by signing an acknowledgement in the form attached hereto as Exhibit A, to be bound by the provisions of this Stipulation and Protective Order.

8. In the event that counsel for any Party or Producing Party desires to file with the Court any document which includes any Confidential or Attorneys' Eyes Only Material, or any papers containing or making reference to the contents of such material or information, such document shall be submitted for filing separately in a sealed envelope pursuant to Central District of California Local Rule 79-5.1, upon which shall prominently appear a statement substantially similar to the following:

> "This envelope contains documents subject to a Stipulated Protective Order concerning the use of confidential discovery material entered by the Court in this action. This envelope shall not be opened, nor shall the contents be displayed or revealed except by order of the Court. Violation hereof may be regarded as a contempt of court."

9. The designation of Confidential or Attorneys' Eyes Only Material for the purposes of this Stipulation and Protective Order shall be made in the following manner:

(a) In the case of documents, interrogatory answers or other materials (apart from depositions or other pretrial testimony):

by affixing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page containing any Confidential (or, as applicable, Attorneys' Eyes Only) Material. If not practical to mark each page of a document, as in the case of a bound publication or documents provided in digital form, the cover of such bound document or the applicable storage media shall be so marked. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

(b) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all Parties within thirty (30) days after receipt of the transcript of the deposition by any counsel of record for the parties to the action. All transcripts shall be considered Confidential and subject to this Protective Order until expiration of such thirty (30) day period. The only exception to this thirty day period is where the deposition transcript is first transcribed and delivered less than thirty days before a court deadline for which a party desires to use the transcript and, in that event, the written notice is due within five (5) business days of receipt of the transcribed deposition by the designating party provided that the party intending the use the transcript has notified all parties in writing of the invocation of the five day period before the transcript is received. Under these circumstances, the transcript is considered Confidential during that five day period.

10. Inadvertent disclosure of Confidential or Attorneys' Eyes Only Material to an opposing party without identifying the same shall not be deemed a waiver of confidentiality with regard to the material inadvertently disclosed, nor shall it be deemed a waiver of confidentiality with regard to similar material. Any such material inadvertently disclosed without the applicable designation shall be

identified by the disclosing party with a demand that it be marked with the appropriate designation as required by this Stipulation and Protective Order.

11. If a Producing Party inadvertently produces information which the Producing Party believes is subject to a claim of attorney-client privilege, work product immunity or any other privilege or immunity, such production shall in no way prejudice or constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production of such information to which the Producing Party would otherwise be entitled. Any such inadvertently produced information shall be returned promptly to the Producing Party upon request and all copies destroyed upon request. Within fourteen (14) days of the return of such information, the Producing Party must list it on a written log pursuant to Federal Rule of Civil Procedure 26(b)(5).

12. A party or any other person objecting to the designation of Confidential Information/Attorney Eyes Only shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection and detailed grounds for the objection. Within seven (7) days after such objection, the parties and any other objecting person(s) shall confer in good faith in an effect to resolve the objections. If such conference does not resolve the objection or does not take place within seven days, then the designating person may apply to the Court, by motion, for a ruling that material designated by a party

as Confidential Information/Attorney Eyes Only shall be treated as Confidential Information/Attorney Eyes Only. The designating party shall have the burden of demonstrating the propriety of that designation. Pending determination by the Court, material designated by a party as Confidential Information/Attorney Eyes Only shall be treated as initially designated and provided in this Order. Failure of the designating party to apply for a ruling within seven (7) days of such conference or expiration of the conference time frame waives its right to confidentiality for such documents unless this time is extended by mutual consent of the parties. Frivolous challenges to the designations, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the objecting party to sanctions.

13. Nothing in this Protective Order shall limit the Producing Party or person from using its/his/her own documents and information in any fashion it/he/she may desire.

14. This Protective Order shall in no way affect or impair the right of any Party or person to raise or assert any defense or objection, including, but not limited to, defenses or objections to the discovery or production of documents or information and to the use, relevance or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Protective Order. Oreck shall not assert or argue that Plaintiff is not an adequate class

representative or is uninformed about this litigation or being controlled by his counsel because Plaintiffs are unaware of or unfamiliar with Materials that Oreck has designated as "Attorneys Eyes Only."

15. The final determination or settlement of the Litigation shall not relieve any Party or person who has received Confidential or Attorneys' Eyes Only Material from the obligations imposed by this Protective Order. Within sixty (60) days of the termination of this action, including all appeals, all Confidential and Attorneys' Eyes Only Material supplied by any Producing Party, and all copies thereof, shall be returned to the Producing Party or shall be certified to have been destroyed. Notwithstanding the foregoing, counsel are entitled to keep archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence or other attorney work product, even if such items contain or have attached to them or reference Confidential Material or Attorneys Eyes Only Material.

16. The Parties agree to be bound by the terms of this Stipulation and Protective Order until such time as the Court shall rule thereon and, thereafter, the Parties shall be bound by the ruling of the Court.

17. If any person receiving Material covered by this Stipulation and Protective Order is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Material which

was produced or designated as Confidential or Attorneys' Eyes Only Material by any Producing Party, the person receiving the subpoena or document demand shall give written notice within seven (7) days of service of such subpoena or document demand to counsel for the Producing Party and shall not produce the documents until the later of: (1) thirty (30) days after service of such subpoena or document demand; or (2) the time designated in the subpoena or document demand.

18. In the event that a Party produces documents subject to another confidentiality agreement or protective order, the Parties agree to keep such documents confidential in accordance with the terms of any such agreement or order, as long as the Producing Party furnishes a copy of such agreement or order to all parties in advance of, or contemporaneously with, its production of any documents covered by such agreement or order and any such party has an opportunity to object to any terms of any such agreement or order by way of the mechanism set forth in Paragraph 12.

19. Nothing in this Stipulation and Protective Order shall be construed to prevent a Party or nonparty from seeking such further provisions regarding confidentiality as may be appropriate.

///

///

///

20. Nothing in this Stipulation and Protective Order shall be construed as a waiver by a Party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

IT IS SO ORDERED.

Dated:  September 19, 2011

_____
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CHENIER and GAYA YOSRI on Behalf of Themselves and All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>v.<br><br>ORECK CORPORATION, a Delaware Corporation,<br><br>         Defendant. | Case No. CV 11-05321 CAS (JEMx)<br><br>**STIPULATION AND PROTECTIVE ORDER FOR DISCLOSURE OF CONFIDENTIAL MATERIALS**<br><br>Hon. Christina A. Snyder, Judge<br>Hon. John E. McDermott, Magistrate Judge |

**EXHIBIT A TO STIPULATION AND PROTECTIVE ORDER FOR DISCLOSURE OF CONFIDENTIAL MATERIALS: CONFIDENTIALITY AGREEMENT**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I understand that any documents or information disclosed to me designated as "Confidential Information" or "Attorneys' Eyes Only" in the above-captioned Litigation shall be used only for the purpose of prosecution,

defense, or settlement of the claims in this Litigation. "The purpose of this Litigation" does not include use of the documents or information by Plaintiffs, Plaintiffs' counsel or other parties provided access pursuant to this Protective Order to solicit, contact, communicate or otherwise interact with Oreck customers who are not clients of Plaintiffs' counsel with respect to Oreck without leave of Court. I further understand that I am to not disclose any such material to any other person and shall not use any such material for any purpose other than the settlement, prosecution or defense of the claims in this Litigation. I hereby solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543