UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 12-2317 CAS (JEMx)<br>[CV11-5321-CAS(JEMx); EDCV11-1082-CAS(JEMx);<br>CV11-8725-CAS(JEMx); CV12-949-CAS(JEMx);<br>CV12-950-CAS(JEMx); CV12-951-CAS(JEMx)] | Date | April 17, 2012 |
|---|---|---|---|
| Title | IN RE ORECK CORPORATION HALO VACUUM AND AIR PURIFIERS MARKETING AND SALES PRACTICES LITIGATION | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**    (In Chambers:) ORDER CONSOLIDATING ACTION AND APPOINTING LEAD INTERIM CLASS COUNSEL

## I.    INTRODUCTION

On February 3, 2012, the Judicial Panel on Multidistrict Litigation ("MDL Panel") centralized and transferred six related cases to this Court pursuant to 28 U.S.C. § 1407.[1] The gravamen of plaintiffs' complaints is that defendant falsely represented in its marketing materials that the use of Halo vacuum cleaners and XL Professional, ProShield, and ProShield Plus air purifiers has certain health benefits, germ-killing properties, and allergy-prevention abilities.

On February 27, 2012, plaintiffs' counsel in the Chenier, Edge, Latta, Ruscitti, and Paragin actions (collectively, "Moving Counsel") filed a motion for appointment of Kirtland & Packard LLP ("Kirtland & Packard") as interim class counsel. Dkt. No. 9. Plaintiffs' counsel from the Stiepleman action (collectively, "Opposing Counsel") filed

---

[1] The six cases are: Gina Chenier, et al. v. Oreck Corporation, CV No. 2:11-5321 (C.D. Cal.); Roxy Edge, et al. v. Oreck Corporation, et al., CV No. 2:11-8725 (C.D. Cal.); Teri Latta v. Oreck Corporation, et al., CV No. 5:11-1082 (C.D. Cal.); Scott Stiepleman v. Oreck Corporation, et al., CV No. 0:11-61861 (S.D. Fla.); Gregory Ruscitti v. Oreck Corporation, CV No. 1:11-3121 (N.D. Ill.); Edward Paragin v. Oreck Corporation, et al., CV No. 1:11-580 (S.D. Ohio).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | ML 12-2317 CAS (JEMx)<br>[CV11-5321-CAS(JEMx); EDCV11-1082-CAS(JEMx);<br>CV11-8725-CAS(JEMx); CV12-949-CAS(JEMx);<br>CV12-950-CAS(JEMx); CV12-951-CAS(JEMx)] | Date | April 17, 2012 |
|---|---|---|---|
| Title | IN RE ORECK CORPORATION HALO VACUUM AND AIR PURIFIERS MARKETING AND SALES PRACTICES LITIGATION | | |

an opposition to the motion on March 5, 2012.[2]  Dkt. No. 11.[3]  Moving Counsel filed their reply on March 12, 2012.  Dkt. No. 12.

The Court held a hearing on the matter on March 26, 2012, and ordered the parties to file supplemental briefs as to whether the Halo vacuum class and air purifiers class should be consolidated prior to determining who should be appointed interim class counsel.  The parties submitted their respective briefs on April 4, 2012.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.   DISCUSSION**

   **A.   Whether Actions Should be Consolidated**

Moving Counsel argue that the actions involving Halo vacuum purchasers should be consolidated with the actions involving air purifier purchasers for three reasons.  Dkt. No. 21, Supp. Br. at 2.  First, according to Moving Counsel, they already represent named plaintiffs who have purchased three out of the four products at issue.[4]  Id.  The only product not purchased by a plaintiff represented by Moving Counsel is the ProShield air purifier, but Moving Counsel assert that they could "quickly add" such a plaintiff as an additional class representative if necessary.  Id. n.1.  Moving Counsel argue that Opposing Counsel represent only a single purchaser of the ProShield Plus air purifier.  Id.  Second, Moving Counsel maintain that the "essence" of all plaintiffs' claims, whether

---

   [2]"Opposing Counsel" are Antonio Vozzolo of Faruqi & Faruqi, LLP ("Faruqi & Faruqi"), Scott A. Bursor of Bursor & Fisher, P.A., and Barry L. Davis of Thornton, Davis & Fein, P.A.

   [3]Oreck also filed an opposition to the motion.  Dkt. No. 10.

   [4]Plaintiffs Edge, Paragin, Latta, Chenier, and Ruscitti purchased Halo vacuums.  Plaintiff Paragin also purchased the ProShield Plus air purifier.  Plaintiff Gonzalez purchased the XL Professional and ProShield Plus air purifiers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | ML 12-2317 CAS (JEMx)<br>[CV11-5321-CAS(JEMx); EDCV11-1082-CAS(JEMx);<br>CV11-8725-CAS(JEMx); CV12-949-CAS(JEMx);<br>CV12-950-CAS(JEMx); CV12-951-CAS(JEMx)] | Date | April 17, 2012 |
|---|---|---|---|
| Title | IN RE ORECK CORPORATION HALO VACUUM AND AIR PURIFIERS MARKETING AND SALES PRACTICES LITIGATION | | |

they purchased a vacuum cleaner or air purifier, is that "they were misled into buying a product that did not live up to its advertised standards." Id. Third, Moving Counsel contend that none of the plaintiffs would have purchased the products at inflated prices but-for the alleged misrepresentations. Id. at 3. Thus, Moving Counsel argue that consolidation is proper pursuant to Fed. R. Civ. P. 42(a) because all the actions involve common questions of law and fact. Id. Because of these common questions, and because each of the actions is at the same stage of litigation, Moving Counsel argue that consolidation would streamline discovery, save time and effort, promote judicial economy, and help to facilitate a global settlement. Id. at 5, 9.

Moving Counsel further contend that Opposing Counsel's arguments against consolidation were previously rejected by the MDL Panel. Id. at 6. According to Moving Counsel, the MDL Panel "found troublesome Oreck's suggestion to 'slice and dice' a handful of actions into several cases. In short, the Panel rejected such an idea because it would result in the Halo vacuum MDL consisting of two actions *in toto* and the Halo vacuum-related claims from two others; while the air purifier MDL would consist of fewer than three actions: one in its entirety and the air purifier-related claims from two others." Id. at 7 (citing MDL order at 2, n.5). Moving Counsel suggests it is "impossible" to separate Halo vacuum and ProShield Plus cases because the two products "were marketed together during a significant portion of the class period using identical claims and advertising, and further, were marketed in a similar manner during the remainder of the class period." Id. at 8. Thus, according to Moving Counsel, denying consolidation risks inconsistent rulings in these cases, "which is of particular concern to Plaintiff Paragin, as he purchased both the Halo vacuum and the ProShield Plus at the same time as part of a package offer." Id.

Finally, Moving Counsel assert that no "actual conflict of interest" exists such that consolidation should be denied. Id. at 10. According to Moving Counsel, the Court should reject the assertion that Oreck's alleged lack of financial resources creates a conflict because "at the class certification case stage, courts have consistently rejected challenges to the adequacy of class counsel on the basis that they represented classes, subclasses or class members who may end up competing for a limited pool of assets, stating that any such conflicts can be handled at the remedy stage, if and when they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 12-2317 CAS (JEMx)<br>[CV11-5321-CAS(JEMx); EDCV11-1082-CAS(JEMx);<br>CV11-8725-CAS(JEMx); CV12-949-CAS(JEMx);<br>CV12-950-CAS(JEMx); CV12-951-CAS(JEMx)] | Date | April 17, 2012 |
|---|---|---|---|
| Title | IN RE ORECK CORPORATION HALO VACUUM AND AIR PURIFIERS MARKETING AND SALES PRACTICES LITIGATION | | |

actually arise." Id. at 11 (citing Seijas v. Rep. of Argentina, 606 F.3d 53, 57 (2d Cir. 2010)).

Opposing Counsel respond that "Halo vacuum cleaners and Oreck Air Purifiers are separate products, developed, tested and initially marketed by two separate and unrelated companies: Halo Technologies Inc. and Oreck Corporation and its related entities," and that "[e]ven after the acquisition of the Halo vacuum, Oreck has maintained two separate marketing teams to promote the two products." Dkt. No. 24, Supp. Br. at 1. According to Opposing Counsel, out of the "thousands" of advertisements disseminated over a six-year period involving Halo vacuums and air purifiers, "there appear to have been only two print advertisements that referenced these products together." Id. Thus, Opposing Counsel contend that consolidation "jeopardizes the 'typicality' requirement of Rule 23(a)(e)" because "fundamental differences in the two products leads to a substantial divergence in the evidence . . . concerning the efficacy of these two separate products, as well as the accuracy of Oreck's representations." Id. at 1–2, 6–7 (relying on Wiener v. Dannon Co., Inc., 255 F.R.D. 658, 665 (C.D. Cal. 2009)). Specifically, Opposing Counsel assert that the Halo vacuum class has an incentive to prove alleged misrepresentation as to Oreck's claims that the "Halo light chamber can kill the flu virus and E. coli bacteria in as little as .33 seconds," while that class would have no incentive to prove the alleged misrepresentations surrounding Oreck's claims that the "Truman Cell [in the Oreck air purifiers] captures and destroys bacteria, molds, viruses & fungi by electrostatically charging and collecting particles." Id. at 8.

Opposing Counsel also argue that consolidation "jeopardizes the 'adequacy' requirement of Rule 23(a)(4)" because the "divergence in evidence, the disparity in class size and potential recovery for each class, the differences in strength of the claims, and the defenses applicable to each class will affect counsel's litigation strategy to the detriment of one or both of the classes." Id. at 2. Opposing Counsel assert that, based on the incomplete sales data produced to date, Oreck sold roughly $200 million worth of air purifiers during the class period but sold only $5.7 million worth of Halo vacuums during the two years of the product's existence. Id. at 11. According to Opposing Counsel, Oreck maintains only $12 million in insurance coverage, meaning "every dollar awarded to the Air Purifier class serves naturally to reduce the amount available to the Halo

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 12-2317 CAS (JEMx)<br>[CV11-5321-CAS(JEMx); EDCV11-1082-CAS(JEMx);<br>CV11-8725-CAS(JEMx); CV12-949-CAS(JEMx);<br>CV12-950-CAS(JEMx); CV12-951-CAS(JEMx)] | Date | April 17, 2012 |
|---|---|---|---|
| Title | IN RE ORECK CORPORATION HALO VACUUM AND AIR PURIFIERS MARKETING AND SALES PRACTICES LITIGATION | | |

vacuum class" and thus creates an irreconcilable conflict of interest because one counsel cannot adequately represent both classes. Id. (relying on Sullivan v. Chase Inv. Servs. of Boston, Inc., 79 F.R.D. 246, 258 (N.D. Cal. 1978) and Moore v. Margiotta, 581 F. Supp. 649, 652–53 (E.D.N.Y. 1984)). Opposing Counsel maintain that the FTC required Oreck to pay a $750,000 redress payment, and not more, based on Oreck's inability to pay a greater sum. Id. at 12. Finally, Opposing Counsel suggest that consolidation is inappropriate because the Middle District of Florida previously issued an order appointing Faruqi & Faruqi as lead interim class counsel for the air purifier class in connection with the Stiepleman action.

The Court finds that the six cases transferred by the MDL should be consolidated for pretrial purposes pursuant to Fed. R. Civ. P. 42(a). Rule 42(a) states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

"To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." Southwest Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989); see also Huene v. United States, 743 F.2d 703, 704 on reh'g, 753 F.2d 1081 (9th Cir. 1984). "[W]hile a district court does have broad discretion in determining whether consolidation is appropriate, [citations] typically, consolidation is favored." Perez-Funez v. Dist. Dir., I.N.S., 611 F. Supp. 990, 994 (C.D. Cal. 1984).

Here, each of these actions presents common questions of law and fact. Although the technology underlying the Halo vacuums and air purifiers is different, plaintiffs' claims uniformly involve alleged misrepresentations Oreck made in advertising that the Halo vacuum cleaner and air purifiers could kill certain bacteria and viruses. See Edge Compl. ¶ 1 (alleging that advertisements for Halo vacuums falsely stated that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | ML 12-2317 CAS (JEMx)<br>[CV11-5321-CAS(JEMx); EDCV11-1082-CAS(JEMx);<br>CV11-8725-CAS(JEMx); CV12-949-CAS(JEMx);<br>CV12-950-CAS(JEMx); CV12-951-CAS(JEMx)] | Date | April 17, 2012 |
|---|---|---|---|
| Title | IN RE ORECK CORPORATION HALO VACUUM AND AIR PURIFIERS MARKETING AND SALES PRACTICES LITIGATION | | |

vacuums were "effective in killing virtually all bacteria, viruses, germs, mold and allergens that exist on the floor surfaces upon which they are used" and advertisements that air purifiers were "effective in capturing and killing many airborne bacteria and viruses such as the flu virus"); Paragin Compl. ¶ 4 (alleging that plaintiff was misled into believing that the vacuum and air purifier he purchased "captured and killed germs, captured and killed viruses, . . . [and] reduced his chance of getting the flu"); Latta FAC ¶ 10 ("kills and/or eliminates all or virtually all bacteria, viruses, germs, molds and allergens present on the floor and/or carpet areas which it vacuums"); Chenier FAC ¶ 1 (alleging that Oreck "marketed and advertised to the public as [the Halo vacuum] being effective in killing virtually all bacteria, viruses, germs, mold and allergens that exist on the floor surfaces upon which they are used, and . . . [Oreck] marketed and advertised [air purifiers] to the public to be effective in killing many airborne bacteria and viruses such as the flu virus"); Ruscitti Compl. ¶ 6 ("killing virtually all bacteria, viruses, germs, mold and allergens that exist on carpets and floor surfaces"); Stiepleman Compl. ¶ 32 ("captures and kills or otherwise eliminates germs, viruses, bacteria, allergens and other unwanted particles that can lead to health problems for consumers and their families"). Accordingly, the gravamen of each action is that Oreck misled consumers into purchasing products that did not perform as advertised. As such, the actions involve common questions of law and fact.

Second, consolidation serves the interests of judicial economy by promoting efficiency and saving time for purposes of pretrial discovery and motion practice. See, e.g., Perez-Funez, 611 F. Supp. at 994 (consolidating actions based on similar factors); Backe v. Novatel Wireless, Inc., 2008 WL 5214262, *2 (S.D. Cal. Dec. 10, 2008) (same). By contrast, factors that counsel against consolidation, such as differing trial dates or stages of discovery, are not present here. Cf. Lewis v. City of Fresno, 2009 WL 1948918, *1 (E.D. Cal. Jul. 6, 2009) ("Factors such as differing trial dates or stages of discovery usually weigh against consolidation.").

Finally, the Court is unpersuaded that a conflict presently exists to render consolidation inappropriate. Opposing Counsel chiefly rely on the assertion that Oreck lacks sufficient funds to satisfy any judgments that it might face such that one counsel could not adequately represent two classes with competing interests. However, it is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 12-2317 CAS (JEMx)<br>[CV11-5321-CAS(JEMx); EDCV11-1082-CAS(JEMx);<br>CV11-8725-CAS(JEMx); CV12-949-CAS(JEMx);<br>CV12-950-CAS(JEMx); CV12-951-CAS(JEMx)] | Date | April 17, 2012 |
|---|---|---|---|
| Title | IN RE ORECK CORPORATION HALO VACUUM AND AIR PURIFIERS MARKETING AND SALES PRACTICES LITIGATION | | |

premature to deny consolidation simply because a potential conflict may arise at the remedy stage. See, e.g., Seijas v. Rep. of Argentina, 606 F.3d 53, 57 (2d Cir. 2010) (affirming district court's decision to grant class certification and resolve any potential conflicts at remedy stage when they may arise).[5]

Accordingly, the six cases transferred from the MDL and filed under ML No. 12-2317 CAS (JEMx) are hereby consolidated for pretrial purposes only. See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 28 (1998) ("Title 28 U.S.C. § 1407(a) authorizes the Judicial Panel on Multidistrict Litigation to transfer civil actions with common issues of fact 'to any district for coordinated or consolidated pretrial proceedings,' but imposes a duty on the Panel to remand any such action to the original district 'at or before the conclusion of such pretrial proceedings.'"). The Court's order consolidating these actions for pretrial purposes is separate from any subsequent decisions the Court may make as to whether a class should be certified, and if so, whether subclasses may be appropriate. At that time, the Court will consider arguments regarding any conflicts among class members. The possibility of conflicts does not provide a basis for not consolidating these actions for pretrial purposes.

  B.  **Appointment of Class Counsel**

On November 2, 2010, while the Chenier and Latta cases were stayed pending a decision by the MDL as to whether these cases should be consolidated, the Middle District of Florida issued an order appointing Faruqi & Faruqi as lead interim class counsel for the air purifier class in connection with the Stiepelman action. For the reasons set forth below, the Court finds it appropriate to vacate that order.

---

[5] Moreover, Opposing Counsel's contention that the cases should not be consolidated because a single counsel "lacks incentive" to prove both Halo vacuum and air purifier claims is unavailing. Indeed, plaintiff Paragin purchased both a Halo vacuum and air purifier. Counsel for plaintiff Paragin—part of Moving Counsel herein—has every incentive to succeed with regard to claims about the Halo vacuums and air purifiers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 12-2317 CAS (JEMx)<br>[CV11-5321-CAS(JEMx); EDCV11-1082-CAS(JEMx);<br>CV11-8725-CAS(JEMx); CV12-949-CAS(JEMx);<br>CV12-950-CAS(JEMx); CV12-951-CAS(JEMx)] | Date | April 17, 2012 |
|---|---|---|---|
| Title | IN RE ORECK CORPORATION HALO VACUUM AND AIR PURIFIERS MARKETING AND SALES PRACTICES LITIGATION | | |

  Courts that have analyzed the issue of whether a transferee court has authority to vacate orders issued prior to MDL consolidation and transfer apply the "law of the case" doctrine because "nothing in the text of 28 U.S.C. § 1407 . . . authorizes a transferee judge to vacate or modify an order of a transferor judge." In re Pharmacy Benefit Managers Antitrust Litig., 582 F.3d 432, 440 (3d Cir. 2009); In re Bank of Am. Wage & Hour Empl. Litig., 2010 U.S. Dist. Lexis 111913, at *19–21 (D. Kan. Oct. 20, 2010). But see Manual for Complex Litigation, § 20.132 (4th ed. 2004) ("The transferee judge may vacate or modify any order of a transferor court . . . ."). Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir. 1990). "A court may have discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). Here, the circumstances have changed substantially since the Middle District of Florida issued its ruling: namely, the six cases have been consolidated and transferred to this Court for purposes of uniform litigation. Accordingly, the Middle District of Florida order appointing Faruqi & Faruqi as interim lead class counsel for the air purifier class is hereby VACATED. The Court now turns to the issue of appointing interim class counsel in this consolidated action.

  Moving Counsel propose the appointment of Behram V. Parekh (current counsel of record in the Latta and Edge cases) and Michael Louis Kelly, both of Kirtland & Packard, as lead interim class counsel based on their extensive experience litigating similar cases and the fact that they filed the Edge and Latta actions.

  Opposing Counsel respond that they are the "best qualified" to serve as lead interim class counsel because they have served as class counsel in "several" similar matters, including an air purifier class action in the Northern District of California. Opp'n at 14. Further, Opposing Counsel argue that it expended considerable resources preparing and filing the first-filed air purifier Stiepleman action, such as communicating with more than 50 Oreck customers, communicating with authorized Oreck dealers,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 12-2317 CAS (JEMx)<br>[CV11-5321-CAS(JEMx); EDCV11-1082-CAS(JEMx);<br>CV11-8725-CAS(JEMx); CV12-949-CAS(JEMx);<br>CV12-950-CAS(JEMx); CV12-951-CAS(JEMx)] | Date | April 17, 2012 |
|---|---|---|---|
| Title | IN RE ORECK CORPORATION HALO VACUUM AND AIR PURIFIERS MARKETING AND SALES PRACTICES LITIGATION | | |

inspecting Oreck store locations, reviewing hundreds of websites and media to collect the false advertisements, receiving and reviewing 2,279 pages of documents from the FTC, and consulting with experts. Id. at 14–15. Thus, Opposing Counsel assert they are the most appropriate choice for interim lead class counsel.

Fed. R. Civ. P. 23(g) governs appointment of class counsel. Rule 23(g) provides, inter alia, that courts must consider the following factors in appointing class counsel:

   (i)   the work counsel has done in identifying or investigating potential claims in the action;
   (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
   (iii) counsel's knowledge of the applicable law; and
   (iv)  the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)

Here, the Court is satisfied that Kirtland & Packard meets the criteria of Rule 23(g) and should serve as lead interim class counsel. First, Kirtland & Packard researched, prepared, and filed the Edge and Latta cases. Second, Behram Parekh has been litigating complex securities and consumer class actions for his entire 16 year career. Third, Michael Kelly, whose career has spanned 30-plus years, has concentrated his trial practice in products liability, consumer class actions, and business litigation. Finally, Kirtland & Packard has "extensive experience" in the areas of class action and complex litigation. See www.kirtlandpackard.com/classactionscomplexlitigation.html (last visited April 16, 2012). Accordingly, Kirtland & Packard is qualified to serve as lead interim class counsel.

However, it appears that Faruqi & Faruqi, the counsel of record for the Stiepleman plaintiffs, should be appointed to serve on an Executive Committee of plaintiffs' counsel based on their qualifications as well as their role in preparing the first-filed air purifier case. The parties are therefore directed to meet and confer to discuss case organization and appear on May 7, 2012, at 11:00 a.m. to report on the results of such meet and confer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | ML 12-2317 CAS (JEMx)<br>[CV11-5321-CAS(JEMx); EDCV11-1082-CAS(JEMx);<br>CV11-8725-CAS(JEMx); CV12-949-CAS(JEMx);<br>CV12-950-CAS(JEMx); CV12-951-CAS(JEMx)] | Date | April 17, 2012 |
|---|---|---|---|
| Title | IN RE ORECK CORPORATION HALO VACUUM AND AIR PURIFIERS MARKETING AND SALES PRACTICES LITIGATION | | |

## III.  CONCLUSION

In accordance with the foregoing, the six cases transferred by the MDL Panel ML No. 12-2317 CAS (JEMx) are consolidated for pretrial purposes only.  Kirtland & Packard is hereby appointed lead interim class counsel.  The parties are ordered to meet and confer to discuss a case organization structure that is consistent with this order.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |